

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5502 | **DATE** | December 1, 2003 |
| **CASE TITLE** | McCarey (#N-30683) v. Walls | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10)  [Other docket entry] McCarey's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is denied and this case is dismissed with prejudice. [R. 1-1] This is a final judgment and the clerk of the court is directed to enter a Rule 58 judgment and terminate this case from the court's docket. Enter Memorandum and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | DEC X 2 2003 date docketed | 13 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | 15 docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| RTS | courtroom deputy's initials | 03 DEC -2 PM 1:46 date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DEC - 2 2003

| UNITED STATES OF AMERICA ex rel. KENNETH McCAREY (#N-30683), | ) ) ) | |
|---|---|---|
| Petitioner, | ) ) | The Hon. Blanche M. Manning |
| v. | ) ) | Case No. 03 C 5502 |
| J.R. WALLS, Warden, Jacksonville Correctional Center,[1] | ) ) ) | |
| Respondent. | ) ) ) | |

## MEMORANDUM AND ORDER

Petitioner Kenneth McCarey, a prisoner in state custody, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, his request for relief under § 2254 is denied.

### I. BACKGROUND

#### A. JURISDICTION

Jurisdiction over McCarey's § 2254 petition is proper only if it is not a "second or successive petition," 28 U.S.C. § 2244(b), and is timely, 28 U.S.C. § 2244(d)(1). Because this is McCarey's first § 2254 petition, the AEDPA's proscriptions against second or successive petitions do not affect him. With respect to the timeliness of McCarey's petition, the Illinois Supreme Court denied his petition for leave to appeal on January 29, 2001. McCarey filed a state court post-conviction petition on August 1, 2000. The Illinois Appellate Court affirmed the

---

[1] J.R. Walls is currently the Warden at the Jacksonville Correctional Center, and therefore, is the proper Respondent in this habeas action. *See* Rule 2(a) of the Rules Governing Habeas Corpus Cases under 28 U.S.C. § 2254. Therefore, this court substitutes Walls as the Respondent. *See* Fed. R. Civ. P. 25(d)(1).

13

dismissal of McCarey's Illinois post-conviction petition on November 5, 2002. McCarey filed this action on August 7, 2003. Therefore, the AEDPA's one year statute of limitations is not at issue. *See* 28 U.S.C. § 2241(d)(1); *Gray v. Briley*, 305 F.3d 777, 777 (7th Cir. 2002). As such, this court has jurisdiction to consider McCarey's habeas petition.

**B.    FACTS**

Under 28 U.S.C. § 2254(e)(1), unless a petitioner provides clear and convincing evidence to the contrary, a determination of a factual issue by a state court is presumed correct for the purposes of habeas review. *See Collier v. Davis*, 301 F.3d 843, 848 (7th Cir. 2002). McCarey does not challenge the facts as set forth in the opinions of the Illinois Appellate Court affirming his conviction and sentence and on post-conviction appeal. Therefore, this court will adopt the Illinois Appellate Court's recitation of the facts set forth in *People v. McCarey*, No. 1-98-3023 (1st Dist. July 1, 1999) (unpublished order) (*McCarey I*) and *People v. McCarey*, No. 1-00-3516, (1st. Dist. Nov. 5, 2002) (unpublished order) (*McCarey II*).

Following a jury trial, McCarey was convicted of home invasion, armed robbery, and armed robbery of a victim 60 years of age or older. At McCarey's trial, the victim, James Jackson, testified that he was sleeping in his apartment in a Chicago Housing Authority building for senior citizens when he received a call from the security telephone at the front door of the building's lobby. When Jackson answered, a woman identified herself as one of his friends. When he told her that he was not feeling well and did not want visitors, she insisted on seeing Jackson, claiming that she had a surprise for him. Jackson then let her in the front door of his building. When he opened the door to his apartment, McCarey pushed his way in and stated that it was a stick up. After McCarey and another woman, who was also Jackson's acquaintance,

took some money, a pair of wrench pliers, and Jackson's telephone, Jackson contacted the building security informing them that he had been robbed. Jackson also testified that he got a good look at McCarey's face because there was sunlight in the apartment.

At trial, Chicago police detective John Zeszutko testified that Jackson identified McCarey in a lineup. Shortly thereafter, McCarey told Zeszutko that he and his accomplice in the Jackson robbery had stolen an automobile and sold the tires for drugs in a separate incident. On cross-examination, Zeszutko testified that he did not document McCarey's admission concerning the automobile theft in his police report. In McCarey's defense, an alibi witness testified that she spoke with McCarey during the early morning on the day of the Jackson robbery. On cross-examination, the State impeached the alibi witness by questioning her about her 1990 conviction for a stolen automobile. The alibi witness then testified that both she and McCarey were implicated in the 1990 offense. Despite defense counsel's motion *in limine* to prevent the use of the 1990 conviction against the alibi witness, the trial court allowed the State to proceed with the impeachment evidence to show bias. The trial court, however, instructed the State to form the questions in a way that would not suggest McCarey was convicted of the 1990 crime.

## II. STANDARD OF REVIEW

Under the AEDPA, federal courts cannot grant habeas relief with respect to any claim judged on the merits in state court unless the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See Penry v. Johnson*, 532 U.S. 782, 792 (2001) (quoting 28 U.S.C. § 2254(d)(1)). A state court's decision is "contrary to" clearly established federal law if the state court applies a rule of law that contradicts Supreme Court

3

precedent or reaches a conclusion opposing that of a Supreme Court decision involving materially indistinguishable facts. *See Penry*, 532 U.S. at 792 (citing *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).

On the other hand, a state court's decision involves an "unreasonable application of" clearly established Supreme Court law where the state court applies the proper rule of law but unreasonably applies the law to the facts at hand. *See Penry*, 532 U.S. at 792. A state court decision is "unreasonable" under this standard if the court's application of Supreme Court law lies "well outside the boundaries of permissible differences of opinion." *See Hardaway v. Young*, 302 F.3d 757, 762 (7th Cir. 2002); *see also Hammer v. Karlen*, 342 F.3d 807, 810 (7th Cir. 2003) (state court decision reasonable if its decision is at least minimally consistent with facts and circumstances of case). Finally, it is the habeas petitioner's burden to establish that the state court applied the facts of a case in an objectively unreasonable manner. *See Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2003) (per curiam).

### III. DISCUSSION

Construing McCarey's pro se pleadings liberally, as this court is required to do, *see Calhoun v. DeTella*, 319 F.3d 936, 943 (7th Cir. 2003), McCarey brings three habeas claims: (1) the trial court erred in admitting his post-arrest statement and alibi witness' testimony regarding "other crimes evidence"; (2) ineffective assistance of trial counsel; and (3) ineffective assistance of appellate counsel.

#### A. Admission of Post-Arrest Statement & Impeachment of Alibi Witness

First, McCarey contends that the trial court's admission of his post-arrest statement regarding a separate automobile theft and allowing the impeachment of the alibi witness denied

4

him certain unspecified constitutional rights. The Respondent argues that McCarey did not fully and fairly present this claim to the Illinois courts before bringing it in his habeas petition, and thus the claim is procedurally defaulted.

Due to federal-state comity, a petitioner seeking habeas relief in federal court must establish that he "fully and fairly" presented his constitutional claims to the state courts in the first instance. *See Dellinger v. Bowen*, 301 F.3d 758, 764 (7th Cir. 2002); *Chambers v. McCaughtry*, 264 F.3d 732, 737 (7th Cir. 2001). A full and fair presentment requires that the petitioner present both the operative facts and controlling legal principles to the state court. *See Chambers*, 264 F.3d at 737-38. If a habeas claim is not fully and fairly presented to the state courts, federal courts are procedurally barred from reviewing the claim. *See id.* at 737.

On post-conviction appeal to the Illinois Appellate Court, McCarey argued that based on Illinois evidentiary law, specifically case law pertaining to "other crimes evidence", the trial court erred when admitting his post-arrest statement and allowing the impeachment of the alibi witness. He did not frame this claim as a constitutional claim nor did he present controlling constitutional principles when making his legal argument to the post-conviction Illinois Appellate Court. Consequently, McCarey did not fully and fairly present the present habeas claim to the Illinois court, and thus his first habeas claim is defaulted.[2]

This court, however, may still reach the merits of this procedurally defaulted claim if McCarey establishes either cause for his failure to fully and fairly present this claim to the Illinois court and actual prejudice, or that the default will result in a fundamental miscarriage of justice.

---

[2] McCarey did fully and fairly present constitutional claims of ineffective assistance of counsel based on his post-arrest statement and the impeachment of the alibi witness, which are discussed below.

5

*See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). McCarey, however, makes no argument to overcome his default. Therefore, the court is barred from considering the merits of McCarey's first habeas claim.

### B. Ineffective Assistance of Trial Counsel

McCarey contends that his trial counsel was constitutionally ineffective because counsel did not properly impeach Jackson regarding his testimony that due to the sunlight in his apartment, Jackson could see McCarey's face. McCarey argues that the sunrise occurred fifteen minutes after the robbery and that Jackson admitted that he could not see the perpetrator during most of the robbery. As such, McCarey argues that Jackson misidentified him as the perpetrator. McCarey also argues that defense counsel was constitutionally ineffective because counsel called an alibi witness who did not provide an alibi, but instead implicated McCarey in another crime.

To render constitutionally effective assistance of counsel under the Sixth Amendment, defense counsel's performance must satisfy the familiar two-prong standard as set forth in *Strickland v. Washington*, 466 U.S. 668, 687-91 (1984). Under the *Strickland* performance prong, petitioner must show that his counsel's representation fell below an objective standard of reasonableness. *Id.* at 687-88. The "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (citation and quotations omitted). Under the *Strickland* prejudice prong, the petitioner must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

6

different." *Id.* at 694. If a petitioner fails to make a proper showing under one *Strickland* prong, the court need not decide the remaining prong. *See id.* at 697.

On direct appeal, the Illinois Appellate Court relied on the proper standard in accordance with *Strickland* and concluded that McCarey had failed to overcome the strong presumption that his counsel's performance was reasonable. *See McCarey I,* 1-98-3023, at 5. The Illinois court considered defense counsel's attempt to limit the prosecutor's cross-examination and concluded that calling the alibi witness was a matter of trial strategy. *See id.* Although McCarey challenges the Illinois court's ruling, he has not argued why the Illinois Appellate Court's decision was objectively unreasonable. Therefore, he has failed in his burden in establishing that the Illinois court's decision was an unreasonable application of *Strickland. See Visciotti,* 537 U.S. at 24-25 (2003) (petitioner has burden in establishing state court applied facts of case in an objectively unreasonable manner).

Also, the Illinois Appellate Court reasoned that defense counsel's decision not to cross-examine Jackson about the sunlight in his apartment during the robbery did not rise to the level of ineffective assistance of counsel. *See McCarey I,* 1-98-3023, at 5. Specifically, the court noted that Jackson's description of McCarey was accurate despite his failure to notice McCarey's moustache as McCarey argued. *See id.* Further, the Illinois Appellate Court concluded that McCarey did not establish that the outcome of his case would have been different had counsel cross-examined Jackson as to the time of the sunrise. *See id.*

Here, McCarey argues that had Jackson been properly impeached, any juror confronted with this evidence would have questioned Jackson's credibility. McCarey's argument attacking Jackson's credibility does not amount to a showing that had defense counsel impeached Jackson,

7

the outcome of his case would have been different. Although courts cannot predict if impeachment evidence would impact a witness' credibility, the Illinois Appellate Court concluded that McCarey's conviction was supported by Jackson's lineup identification and Jackson's detailed description of McCarey to police officers immediately after the robbery. *See id.* at 5. Accordingly, this court cannot conclude that the Illinois Appellate Court's decision was well outside the boundaries of permissible differences of opinion as to be an unreasonable application of *Strickland*. *See Hardaway*, 302 F.3d at 762.

Because the *Strickland* inquiry is a balancing test rather than a bright-line rule, only clear error in applying *Strickland* supports a writ of habeas corpus. *See Bell v. Pierson*, 267 F.3d 544, 557 (7th Cir. 2001). This court concludes that McCarey has not established that the Illinois Appellate Court committed clear error; therefore, his ineffective assistance of trial counsel claim fails.

### C. Ineffective Assistance of Appellate Counsel

Finally, McCarey contends that his appellate counsel erred by not arguing that McCarey's post-arrest statement, as testified to by Chicago police detective Zeszutko, should have been redacted to omit petitioner's admission that he stole an automobile. McCarey also argues that appellate counsel was ineffective for failing to argue that the trial court abused its discretion in allowing the State to elicit testimony from the alibi witness that implicated him in an offense involving a stolen automobile. In essence, McCarey argues that his appellate counsel was constitutionally ineffective for failing to challenge the "other crimes evidence."

The appropriate standard for reviewing claims of ineffective assistance of appellate counsel is under *Strickland*. *See Williams*, 529 U.S. at 390-91. Under the *Strickland*

performance prong, an appellate counsel's performance is deficient if counsel fails to appeal an issue that is obvious and clearly stronger than the claims raised. *See Winters v. Miller*, 274 F.3d 1161, 1167 (7th Cir. 2001). To establish the *Strickland* prejudice prong, a petitioner must show that there is a reasonable probability that appellate counsel's failure to raise an issue would have resulted in the reversal of his conviction or an order for a new trial. *See id.*; *see also Lee v. Davis*, 328 F.3d 896, 901 (7th Cir. 2003) (must be reasonable probability that issue not raised would have altered outcome of appeal). As with trial counsel, courts must indulge a strong presumption that appellate counsel was constitutionally effective. *See Strickland*, 466 U.S. at 688.

In reviewing McCarey's ineffective assistance of appellate counsel claim, the post-conviction Illinois Appellate Court concluded that McCarey's argument failed the prejudice prong of the *Strickland* test. The Illinois court stated:

> Defendant's conviction was solidly supported by Jackson's identification of defendant in the lineup and defendant's own admission to Detective Zeszutko, placing himself at the scene of the crime. Given the strength of the State's case, we cannot conclude that, but for the failure of counsel to exclude the testimony of defendant's other criminal acts, the outcome of the trial would have been different. Therefore, even if appellate counsel had raised the "other crimes evidence" issue on review, the issue would not have merited relief on appeal.

*McCarey II*, No. 1-00-3516, at 6.

In sum, the Illinois court concluded that based on the strength of the State's case, the omission of the other crimes evidence would not have altered the outcome of the appeal. *See id.* McCarey, however, argues that the evidence of his guilt was not overwhelming, but "decidedly close." He argues that additional evidence, such as Jackson not identifying him as having a mustache, that Jackson was a 92-year-old man, and that contrary to Jackson's testimony, the sun

was not up at the time of the robbery, supports his contention that the evidence of his conviction was not strong. These other factors, however, do not refute the strong trial evidence, including Jackson's lineup identification and McCarey's admission to being at the scene of the crime, as the Illinois court reasoned. *See id.* Indeed, the Illinois Appellate Court's analysis is consistent with the facts and circumstances of this case. *See Hammer*, 342 F.3d at 810. Accordingly, this court concludes the Illinois court's decision was a reasonable application of the *Strickland* prejudice prong. Finally, McCarey makes no other argument to rebut the strong presumption that his appellate counsel was constitutionally effective. *See Strickland*, 466 U.S. at 688. As such, the court denies McCarey's ineffective assistance of appellate counsel claim.

## IV. CONCLUSION

For the above reasons, McCarey's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is denied and this case is dismissed with prejudice. [R. 1-1] This is a final judgment and the clerk of the court is directed to enter a Rule 58 judgment and terminate this case from the court's docket.

ENTER:

Blanche M. Manning
United States District Court Judge

DATE: DEC 0 1 2003